
RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 MAY 19 P 3:49

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy Donerson, #309481, | C. A. No. 2:09-3040-RBH-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Robert M. Stevenson, III, Warden, | |
| Respondent. | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on March 3, 2010. 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The petitioner, Tommy Donerson, a.k.a. Tommy Donnerson, #309481, is presently confined at the Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Sumter County.

Petitioner was indicted at the November 2004 term of the Sumter County Grand Jury in indictment 2004-GS-43-0970 for Murder and Possession of a Knife During the Commission of a Crime of Violence. (App. pp. 120-121). Kenneth Young, Esquire, of the Sumter Bar represented him. On June 2, 2005, Petitioner pled guilty before the Honorable Thomas W. Cooper, Jr. (App. pp. 18-

51). Judge Cooper sentenced Petitioner to the recommended sentence of thirty (30) years for Murder, and the charge of Possession of a Knife During the Commission of a Crime of Violence was nol prossed. (App. p. 26, lines 14-23; p. 50, line 2).

Counsel Young received a letter from Petitioner on June 14, 2005, referencing a possible appeal. (Supp. App. pp. 5-7). Upon receipt of the letter, counsel Young filed a Notice of Appeal on June 14, 2005. (Supp. App. pp. 1-9). The South Carolina Court of Appeals dismissed the appeal as untimely by order dated June 24, 2005. (Supp. App. p. 10). The remittitur was sent on July 14, 2005. (Supp. App. p. 11).

**The State PCR Proceedings**

Petitioner's application for post-conviction relief (PCR) was filed on May 16, 2006, C.A. No. 2006-CP-43-0732. (App. pp. 52-66). In his application, Petitioner alleged ineffective assistance of counsel for failure to challenge the sufficiency of the indictment, failure to challenge the sufficiency of the evidence, and failure to investigate. The State made its Return on June 4, 2007. (App. pp. 67-72). On November 20, 2007, Petitioner submitted an amendment to his PCR application, alleging ineffective assistance of appellate counsel for failure to petition for reinstatement of his direct appeal. (App. p. 73). On March 24, 2008, Petitioner submitted a second amendment to his

PCR application, alleging ineffective assistance of counsel for failure to advise him that some evidence could be suppressed at trial and the court lacked subject matter jurisdiction. (App. pp. 74-75). Though not enumerated in his application or amendments, Petitioner raised the issue that he was denied his right to a direct appeal at PCR hearing, and the State did not object. (App. p. 103, line 19 – p. 104, line 5).

An evidentiary hearing was held on April 1, 2008, before the Honorable Clifton Newman. (App. pp. 76-111). Petitioner was present and represented by Charles T. Brooks, III, Esquire. The application was denied by written order dated April 28, 2008, and filed May 7, 2008. (App. pp. 112-119).

## The PCR Appeal

The Petitioner timely appealed to the South Carolina appellate courts. In the appeal, he was represented by Wanda H. Carter, Deputy Chief Appellate Defender of the South Carolina Commission on Indigent Defense - Division of Appellate Defense. On December 29, 2008, counsel filed a petition for writ of certiorari and presented the following issue:

> The PCR Court erred in denying petitioner's request for a belated direct appeal on the ground that he failed to enter a timely request for an appeal when the record established that petitioner indeed requested an appeal in a timely manner as evidenced by the fact that counsel responded by actually filing a notice of appeal in the case, but nonetheless the appeal was dismissed because counsel's appeal notice was untimely filed.

Petition, p. 2.[1]  A return was filed on May 8, 2009.  The Respondent moved for a Supplemental Appendix.  On November 4, 2009, the Court entered its letter order denying the petition for writ of certiorari.  On November 23, 2009, the remittitur was issued.

The following exhibits have been made part of the record here:

    1.  Petition for Writ of Certiorari.

    2.  Return to Petition for Writ of Certiorari.

    3.  Letter Order Denying Petition for Writ of Certiorari.

    4.  Remittitur Letter.

    5.  Appendix to Petition for Writ of Certiorari.

    6.  Supplemental Appendix (including direct appeal materials).

On March 3, 2010, the respondent filed a summary judgment motion.  Petitioner was provided a copy of the motion and on March 4, 2010, he was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar

---

[1] Also in the Petition, counsel Carter asserted as the projected "Statement of Issue on Appeal" pursuant to then SCACR Rule 227(i)(2): Petitioner's plea was given involuntarily because the trial judge failed to advise that he was not bound by the sentencing recommendation in the case." Since the petition was denied, there was no briefing of this issue.

to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner filed a response to the motion on April 1, 2010. Hence it appears consideration of the motion is appropriate.

## ASSERTED GROUND FOR RELIEF

In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Petitioner makes the following claim:

**GROUND ONE:** Denial of Belated Appeal

Supporting Facts: See Exhibit (A)

> Exhibit A
> The PCR court erred in denying petitioner's request for a belated appeal on the ground that he failed to enter a timely request for an appeal when the record established that petitioner indeed requested an appeal in a timely manner as evidenced by the fact that counsel responded by actually filing a notice of appeal in the case, but nonetheless the appeal was dismissed because counsel's appeal notice was untimely filed.
>
> On June 9, 2005, a letter was mailed to Attorney Young from requesting an appeal. The envelope was stamp dated June 10, 2005, which was 2 days prior to the 10 day deadline.
>
> See Houston v. Lack, 487 U.S. 266, 101 L.Ed2d 245
> 108-B
>
> Rule 28.2 (Providing that a document can be deemed "filed" at the moment it is deposited in the mail for delivering to the Clerk of the Court.)

## APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action filed in 2009. Title 28, United States Code, Section 2254(d) and

5

*5 of 10*

(e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, 28 U.S.C. § 2254(e)(1) states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. ... The touchstone for a reasonable determination is 'whether the determination is at least minimally consistent with the facts and circumstances of the case.'" Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir.), cert. denied, 522 U.S. 819 (1997).

### DISCUSSION

A review of the record and relevant case law indicates that

the Petitioner is not entitled to habeas corpus relief and this matter should be dismissed.

The petitioner claims that he is being held in violation of the constitution because the PCR court erred failing to find that his attorney was ineffective for not timely appealing his conviction and sentence and this finding effectively denied him a belated appeal. However, it appears that the state PCR court correctly denied state post-conviction relief on this claim and that the state PCR court's conclusions were not unreasonable under Section 2254.

In denying relief on this claim, Judge Clifton Newman held as follows:

> Allegation of ineffective assistance of counsel for failing to file an appeal Applicant claims that he was denied effective assistance of counsel because counsel did not timely appeal his conviction. This Court finds counsel for the Applicant was diligent in his representation of Applicant and that he performed within the wide range of reasonable professional assistance. <u>Strickland v.Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984). In <u>Strickland</u>, the United States Supreme Court held that a convicted defendant's claim that counsel's assistance was so defective as to require a reversal of a conviction requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. This Court finds that trial counsel's performance was not deficient nor was the Applicant prejudiced in any way by such performance. The decision of the South Carolina Supreme Court, in <u>White v. State</u>, 263 S.C. 110, 108 S.E.2d 35 (1974), holds that even though the post-conviction relief court finds that the Applicant had never voluntarily and intelligently abandoned his appeal, the court has no jurisdiction to grant a belated appeal. However, where an accused establishes in a post-conviction relief hearing that he was unconstitutionally deprived of

7

his statutory right to a direct appeal, the South Carolina
Supreme Court, upon an appeal of the post-conviction relief
decision, will review the trial record and pass upon all
issues properly raised and argued as if the direct appeal
has been perfected.
  Counsel indicated he saw no reason to appeal the guilty
plea because he thought the Applicant was satisfied with the
result of the plea. The Court records reflect the plea judge
advised Applicant of the ten (10) day requirement for the
filing of the appeal and counsel did not receive any request
from Applicant to file an appeal until after the ten (10)
days expired. This Court finds Applicant failed to timely
request an appeal from counsel. This Court further finds the
Applicant was properly advised of his right to an appeal but
failed to timely request an appeal. This Court finds counsel
was not ineffective in his representation. Accordingly, this
allegation is dismissed.

App. pp. 117-118.

On the record before the court it cannot be said that the PCR court's adjudication was contrary to or involved an unreasonable application of, clearly established Federal law or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the PCR hearing.

The PCR judge identified <u>Strickland v.Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984), as the proper controlling law in assessing the constitutional effectiveness of counsel and properly applied it to the facts in light of the evidence presented at the hearing and the records of the court. Specifically, Judge Newman found counsel's testimony to be credible and Petitioner's not to be credible. The judge found as a fact that Petitioner was informed by Judge Cooper on the record at his guilty plea that if he wanted to appeal, he must file a



paper with the court within ten (10) days of his plea and the petitioner told the judge that he understood that. App. p. 28. Judge Newman also found that as a fact that counsel had no reason to believe after the plea and sentence that his client would want to appeal under the circumstances of his case, and counsel had no indication that Petitioner was interested in an appeal prior to receipt of a letter from Petitioner on June 14, 2005, twelve (12) days after Petitioner's plea and two days too late to appeal. Nonetheless, upon receipt of the letter, counsel immediately filed a notice of appeal on the same day as receipt. Additionally, Judge Newman credited counsel's testimony that he was not aware of any viable issues for appeal, particularly where there were no objections at the plea and the sentence was as bargained for and within the statutory mandates.

In short the judge properly dismissed the petitioner's allegation and that decision was contrary to, or involved an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

*Ask 9 of 10*

## **CONCLUSION**

Accordingly, for the aforementioned reasons it is recommended that the petition be dismissed and this matter ended.

>Respectfully Submitted,
>
>*Robert S. Carr* (signature)
>Robert S. Carr
>United States Magistrate Judge

Charleston, South Carolina

May 19, 2010

*10/10* (handwritten)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).